UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CRAIG MARKS,                          )
                                      )
            Movant,                   )
                                      )
      v.                              )      Case No. 1:04CV103 RWS
                                      )
UNITED STATES OF AMERICA,             )
                                      )
            Respondent.               )

## MEMORANDUM AND ORDER

This matter is before me on Marks' Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence [#1].  For the reasons set forth below, the

motion will be denied.

### *Background*

On February 14, 2002, a grand jury returned a one count Indictment against

Marks for violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  On

May 6, 2002, Marks entered into a plea agreement with the Government and pled

guilty to the charge as set out in the Indictment.

Under the terms of the plea agreement, Marks agreed to waive certain

appellate and post-conviction rights.  Specifically, the terms of the plea agreement

stated that, "the defendant . . . *agrees to waive all rights to contest the conviction*

*or sentence*, except for grounds of prosecutorial misconduct or ineffective

assistance of counsel at the time of sentencing, *in any post-conviction proceeding*, including, but not limited to, a motion brought under 28 U.S.C. §§ 2241, 2255, and Rule 60(b) Fed. R. Civ. P. or brought by means of any other petition from relief of any description." (Emphasis added).

## *Marks' Requested Ground for Relief*

Marks single ground for relief is that his sentence was improperly imposed because I determined sentencing facts by a preponderance of the evidence in violation of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

## *Analysis*

Marks' request for relief fails because he waived his post-conviction relief rights by the terms of the plea agreement. "Unless expressly reserved . . . the right to appellate relief under <u>Booker</u> is among the rights waived by a valid appeal waiver, even if the parties did not anticipate the <u>Blakely</u>/<u>Booker</u> rulings." <u>United States v. Fogg</u>, 409 F.3d 1022, 1025 (8th Cir. 2005). In the plea agreement context, the Court does not "distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights." <u>DeRoo v. United States</u>, 223 F.3d 919, 923 (8th Cir. 2000).

In this case, Marks agreed to waive his rights to attack his sentence in a §

2255 motion.  As a result, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Craig Marks to vacate, set

aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of

appealability, as Marks has not made a substantial showing of the denial of a federal

constitutional right.

Dated this <u>7th</u> Day of July, 2005.

 

 

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE